**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 6:18-CR-00037-JCB-KNM-7** |
| **v.** | | |
| **ORAN OKEFFE GIPSON (7),** | | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On March 23, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Oran Okeffe Gipson. The government was represented by Ryan Locker, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine (Actual), a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of II, was 121 to 151 months. On August 19, 2019, U.S. District Judge Robert W. Schroeder III of the Eastern District of Texas sentenced Defendant to 121 months imprisonment, followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment, drug testing, and acquiring a high school equivalency certificate. On March 16, 2021, Defendant's case was reassigned to U.S. District Judge J. Campbell Barker of the Eastern District of Texas. On January 16, 2024, the court granted

1

Defendant's motion to reduce Defendant's imprisonment term to 108 months pursuant to an 18 U.S.C. § 3582(c)(2) retroactive guideline amendment. The guideline amendment reduced Defendant's criminal history category to category I and reduced the guideline range to 108 to 135 months. On July 15, 2025, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Tyler Division.

Under the terms of supervised release, Defendant was prohibited from committing another federal, state, or local crime. In Allegation 1 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about November 9, 2025, when Defendant was arrested by the Tatum Police Department for allegedly committing the offense of Driving While Intoxicated, a Class A misdemeanor. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the offense of Driving While Intoxicated, Defendant will have committed a Grade C violation. U.S.S.G. § 7C1.1(a). Upon a finding of a Grade C violation, the court may revoke supervised release. U.S.S.G. § 7C1.3(b). Considering Defendant's criminal history category of I, the guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7C1.5.

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the condition prohibiting Defendant from committing any additional federal, state, or local crimes asserted as Allegation 1 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 7 months with a 1-year period of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 1 be accepted and that he be imprisoned for 7 months with a 1-year period of supervised release to

follow. The court further **RECOMMENDS** that Defendant serve his sentence at FPC Oakdale, LA if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

    **So ORDERED and SIGNED this 24th day of March, 2026.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

3